# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL SHORT**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:08CV00057 |
| | ) | |
| **v.** | ) | **OPINION** |
| | ) | |
| **PAUL SHULTZ, WARDEN,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Randy V. Cargill, Assistant Federal Public Defendant, Roanoke, Virginia, for Petitioner; Thomas L. Eckert, Assistant United States Attorney, Roanoke, Virginia, for Respondent.*

Michael Short, a federal inmate sentenced by this court in 2002, filed this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C.A. § 2241 (West 2006 & Supp. 2007), in the United States District Court for the District of New Jersey. Short claims that he is entitled to habeas relief because of the recent decision in *Watson v. United States*, 128 S. Ct. 579, 586 (2007), in which the Supreme Court held that a person who trades illegal drugs for guns does not "use" a firearm "during and in relation to any . . . drug trafficking crime" within the meaning of 18 U.S.C.A. §924(c)(1)(A) (West 2000 & Supp. 2007). The New Jersey court transferred the Petition to this court. Upon review of the record, and after briefing by the parties, I find that Short's Petition must be denied.

# I

Following trial by jury in this court in December 2001, Michael Short was convicted of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2007) (Count One); possession with intent to distribute and distribution of oxycodone, in violation of 21 U.S.C.A § 841(a) (Count Two); two counts of "knowingly us[ing] and carr[ying] during and in relation to, and possess[ing] in furtherance of a drug trafficking offense" a firearm, in violation of § 924(c) (Counts Three and Four); and possessing a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C.A. § 922(g)(3) (West 2000 & Supp. 2007) (Count Five). I sentenced Short to a total term of 438 months imprisonment, consisting of 78 months on each of Counts One, Two, and Five, to run concurrently with each other, 60 months as to Count Three and 300 months as to Count Four, both terms to run consecutively to all other sentences.

Short appealed his convictions, asserting among other arguments that "his receipt of firearms as payment for oxycodone does not amount to 'use' of a firearm" as defined by § 924(c). *United States v. Short*, 55 F. App'x 183, 183 (4th Cir. 2003). The court of appeals rejected Short's argument, *id.*, and Short unsuccessfully sought certiorari, *Short v. United States*, 540 U.S. 946 (2003). He then filed a Motion to

- 2 -

Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006), which was denied. *See Short v. United States*, No. 7:04CV00642, 2005 WL 1530002 (W.D. Va. June 23, 2005), *appeal dismissed*, 201 F. App'x 944 (4th Cir. 2006).

After the Supreme Court decided *Watson* in December of 2007, Short acting pro se, filed the present Petition in New Jersey, where he is presently incarcerated. He asserts that he is entitled to immediate release because he has served all sentences except those imposed on the § 924(c) convictions, which he claims are invalid under *Watson*. The New Jersey court reviewed the petition and determined that it "should be construed as a Petition under the All Writs Act, 28 U.S.C.A. § 1651(a), and should be addressed in the court of conviction." *Short v. Schultz*, No. 08-0186 (JBS), 2008 WL 305594, at *1 (D.N.J. Jan. 28, 2008). The Petition was transferred to this court, which issued an order directing service on the respondent, who is the Warden of the federal prison where Short is incarcerated. The Federal Public Defender for this district was appointed to represent Short. The Warden has filed an Answer to the Petition, and Short, through counsel, has responded, making the case ripe for resolution.

II

The first question I must answer in the case is whether a habeas petition in this court is the proper method of raising Short's substantive claim that his 924(c) sentences are invalid.

If a federal inmate wishes to challenge the validity of his conviction or sentence, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Once an inmate has litigated one § 2255 motion, any second or subsequent § 2255 motion must be dismissed by the district court as successive unless the inmate obtains certification from the court of appeals to pursue a second § 2255. 28 U.S.C.A. § 2255(h). The court of appeals may certify a successive § 2255 motion for consideration by the district court if the claims are based on newly discovered evidence or on a new rule of constitutional law decided by the Supreme Court and made retroactive to cases on collateral review. *Id.* Short has already pursued one § 2255 motion and is thus subject to the ban on successive petitions. His current claim does not fall under either of the grounds upon which a successive 2255 motion can be certified.

Section 2241 authorizes the Supreme Court, its justices, the district courts and any circuit judge, generally, to grant writs of habeas corpus "within their respective

Case 7:08-cv-00057-JPJ-mfu   Document 12   Filed 05/06/08   Page 4 of 13   Pageid#: 84

jurisdictions" upon a finding that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2241. A petition under § 2241 is often used to challenge some aspect of the execution of an inmate's sentence, rather than the legality of that inmate's confinement itself, and must be filed in the district of confinement rather than in the sentencing court. *See, e.g., United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1989). In rare circumstances when § 2255 is inadequate or ineffective to test the legality of detention, a federal inmate may instead challenge the fact of his confinement by seeking a writ of habeas corpus under § 2241. *See* 28 U.S.C.A. § 2255(e) (often referred to as the "savings clause" of § 2255); *Jones*, 226 F.3d at 333. Like a petition challenging sentence execution, a § 2241 habeas petition challenging an inmate's physical custody must name as respondent the warden of the prison facility where the inmate is confined and be filed in the district court where that prison facility is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Jones*, 226 F.3d at 332.

The question of the proper location in which to file a § 2241 habeas petition, however, is "best understood as a question of personal jurisdiction or venue," because these procedural protections may be waived or forfeited by the respondent. *Padilla*, 542 U.S. at 451 (Kennedy, J., concurring) (citing *Moore v. Olsen*, 368 F.3d 757, 759-60 (7th Cir. 2004)). Subject-matter jurisdiction over § 2241 claims is vested in any

- 5 -

federal district court, pursuant to 28 U.S.C.A. § 1331 (West 2006), because all such claims entail federal questions. *Moore*, 368 F.3d at 759; *see also Ex parte Endo*, 323 U.S. 283, 293 (1944) (finding that prisoner transferred from one district to another while habeas is pending need not refile in the new district). Thus, a respondent who is not located within the territory of the judicial district where the § 2241 case is pending may nevertheless choose to defend against the petition by foregoing objection to the forum court on the grounds of personal jurisdiction or venue. *Moore*, 368 F.3d at 759-60.

Following these principles, I find that this court may properly address Short's claims under § 2241. The respondent Warden, through counsel, has filed an answer to the Petition, making no venue objection. I find that in so doing, the Warden has made his person subject to the jurisdiction of this court and has forfeited any argument that this court is not the proper venue for Short's claims under § 2241 or that it has no personal jurisdiction over him as the respondent.

I also find that Short's collateral attack on the validity of his sentence may be addressed under § 2241. The savings clause in § 2255(e) opens only a narrow window for an inmate to challenge the validity of his conviction or sentence under § 2241. The remedy provided under § 2255 is not rendered inadequate or ineffective merely because the inmate is unable to obtain relief under § 2255. *Jones*, 226 F.3d

- 6 -

at 333. The Fourth Circuit has recognized only the following circumstances in which § 2255 is inadequate and ineffective to test the legality of a conviction:

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-334.

Using the *Jones* factors, I find that the § 2255 remedy is inadequate and ineffective to test the legality of Short's confinement based on *Watson*. First, in deciding Short's direct appeal, the Fourth Circuit expressly found that settled law supported his convictions under § 924(c) for receiving firearms in trade for drugs. Second, only after his direct appeal and his unsuccessful § 2255 motion did the Supreme Court issue the *Watson* decision, and under *Watson*, Short's offense conduct is arguably rendered noncriminal. Finally, the *Watson* holding is not a new rule of constitutional law so as to satisfy one of the "gatekeeping" exceptions in § 2255(h) under which the court of appeals will certify a successive § 2255 motion.[1]

---

[1] Section 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

Having determined that it is proper to address Short's § 2241 Petition, I must

consider the merits of his claim under *Watson*.


## III

The indictment in Short's case charged, in Counts Three and Four, as follows:

### COUNT THREE

The Grand Jury charges:

1.  That on or about or between April 26 and April 27, 2001, in the
Western District of Virginia and elsewhere, the defendants, MICHAEL
SHORT, PETER CHANCE, and TODD WILLIAMS, knowingly used
and carried during and in relation to, and possessed in furtherance of, a
drug trafficking offense for which he may be prosecuted in a court of the
United States, firearms to wit: Smith & Wesson, .357 magnum revolver,
s/n 411050 and Colt .357 magnum Lawman revolver, s/n L49756.

2. All in violation of Title 18, United States Code, Section 924(c)(l).

---

(1) newly discovered evidence that, if proven and viewed in light of the
evidence as a whole, would be sufficient to establish by clear and convincing
evidence that no reasonable factfinder would have found the movant guilty of
the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral
review by the Supreme Court, that was previously unavailable.

As the Warden concedes, the *Watson* holding must be applied retroactively on habeas
review, because it held that "a substantive federal criminal statute does not reach certain
conduct." *See Bousley v. United States*, 523 U.S. 614, 620-21 (1998) (holding that a prior
decision reinterpreting "use" in § 924(c) is to be applied retroactively on habeas review).

- 8 -

<u>COUNT FOUR</u>

The Grand Jury charges:

1. That on or about or between March, 2001, and May, 2001, in the Western District of Virginia and elsewhere, the defendants, MICHAEL SHORT, PETER CHANCE, and TODD WILLIAMS knowingly used and carried during and in relation to, and possessed in furtherance of, a drug trafficking offense for which he may be prosecuted in a court of the United States, a firearm to wit: Desert Eagle, .44 magnum revolver.

2. All in violation of Title 18, United States Code, Section 924(c)(1).

(Resp't's Answer Ex. A.)

At Short's trial, co-defendant Peter Chance testified about two occasions when he traded firearms to Short in exchange for OxyContin tablets, a prescription drug containing oxycodone. In late April 2001, Chance and Todd Williams (another co-defendant) took two firearms from Williams's parents' home without permission and traded the guns to Short in exchange for $300 in cash and six 40-milligram OxyContin tablets. About two weeks later, Chance took another firearm from Williams's parents' home and negotiated an agreement with Short to trade the firearm for twelve OxyContin pills. Short took the firearm, but delivered only two pills at the time of the trade, promising to deliver the remaining ten pills to Chance sometime later. Before Short could provide Chance with the other drugs, however, Williams asked Short to give the firearm back, because Williams's father had discovered it was

- 9 -

missing. Short returned the firearm, but never delivered the other ten pills to Chance.

Williams also testified about the two guns-for-drugs exchanges that he and Chance made with Short and identified the firearms involved.

Before determining Short's case, the jury was instructed as follows:

> For you to find a defendant guilty of knowingly carrying a firearm during and in relation to a drug trafficking offense, or possessing a firearm in furtherance of a drug trafficking offense, as charged in counts three and four of the indictment, the Government must prove either of the following beyond a reasonable doubt: That the defendant knowingly carried one of the firearms described in that count, and that he did so during and in relation to a drug trafficking crime; or that the defendant knowingly possessed one of the firearms described in that count, and that he did so in furtherance of a drug trafficking crime.

> To establish that the firearm was possessed in furtherance of the drug trafficking crime, the Government must show that the defendant possessed the firearm to advance or promote perpetration of the underlying drug crime.

> Regarding proof that the alleged firearms were carried during and in relation to a drug trafficking crime, or possessed in furtherance of such a crime, I instruct you that the underlying crime, possession with intent to distribute, falls within the statutory definition of a drug trafficking crime.

> Therefore, if you conclude that the defendant knowingly carried a firearm during and in relation to, or possessed a firearm in furtherance of the crime of possession with intent to distribute a controlled substance, you may return a verdict of guilty.

(Pet'r's Mem. Ex.)

In predecessor decisions to *Watson*, the Supreme Court addressed the meaning of "use" in § 924(c). In *Bailey v. United States*, 516 U.S. 137, 143 (1995), it held that simply possessing a firearm did not constitute "use" under § 924(c), and in *Smith v. United States*, 508 U.S. 223, 241 (1993), the Court held that the trading of a gun for drugs—the reverse of the present situation—was encompassed by the word "use" in the statute. In response to *Bailey*, Congress added the "possession" prong to § 924(c), so that it now penalizes a person "who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C.A. § 924(c)(1)(A). Thus the statute now creates distinct "use and carry" and "possession" offenses. *See United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006).

In *Watson* the Supreme Court construed the statute to mean that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 128 S. Ct. at 586. The government pointed out in *Watson* that "a drug dealer who takes a firearm in exchange for his drugs generally will be subject to prosecution" under the "possession prong" of § 924(c)(1)(A), but the Court expressly stated that "[t]his view may or may not prevail, and we do not speak to it today." *Id.* at 585-86.[2]

_____

[2] In the recent unpublished opinion in *United States v. Woods*, Nos. 04-4223, 04-4231, 04-4232, 07-4331, 07-4395, 2008 WL 795312 (4th Cir. Mar. 26, 2008), the Fourth Circuit spoke to the present issue. The court held that Mark Woods, who was charged under

- 11 -

Short's conduct—twice receiving firearms in exchange for drugs—clearly does not qualify as "use" of the firearms during and in relation to the drug transaction under the *Watson* definition because Short did not actively employ the firearms during the transaction.[3] Unlike the defendant in the *Watson* case, however, Short was

_____

§ 924(c) with possession of a firearm rather than use, "obviously 'possessed' firearms, under any meaning of that term, when he obtained them in the course of his drugs-for-guns business." 2008 WL 795312, at *6. The court further found that

> the fact that Mark possessed a firearm in furtherance of his drug business was more than adequately proven. Curtis Jackson testified that he traded firearms to Mark for drugs, and that testimony was buttressed by the seizure of those same firearms from the "green house." Therefore, we reject Mark's claim that there was insufficient evidence to support his § 924(c) convictions for "possession of a firearm."

*Id.* The opinion in *Woods* was designated by the court to be without precedential force and accordingly I am not bound by it and must determine the issue independently.

[3] While Short was charged with the use of the firearms, the jury was instructed only as to the "carry" portion of the "use and carry" prong of § 924(c). The words "use" and "carry" denote different conduct*, see Bailey*, 516 U.S. at 145-46, but particularly after *Watson*, it cannot be argued that Short's receipt of the firearms was included within the statutory meaning of "carry" since Short did not carry the firearms, if at all, until after the drug transactions were completed and not in the course of them.

It is true, of course, that the jury rendered a general verdict and did not specify whether Short was guilty under the "use and carry" prong or the "possession" prong of § 926(c). But Short has the burden of proving that he is confined in violation of law, and thus I will not presume that the jury found that he used or carried the firearms, rather than that he possessed the firearms in furtherance of the drug trafficking crime. This is particularly the case since the evidence viewed in the light most favorable to the government most nearly fits the possession prong of the statute.

- 12 -

charged not only with use of a firearm, but also with possession of a firearm in furtherance of a drug offense.

The evidence at trial established that Short obtained the firearms in the course of his drug trafficking activities and in doing so, furthered his drug business by providing the valuable consideration for his drugs. Because Short's actions as charged in Counts Three and Four and as proven at trial qualify as criminal conduct under the possession prong of § 924(c), he fails to establish the necessary element for § 2241 relief under the *Jones* standard. 226 F.3d at 333-34. Even after the *Watson* decision, Short's conduct did violate the statute under which he stands convicted and sentenced, and thus his continued confinement under the § 924(c) sentences does not violate the Constitution or laws or treaties of the United States so as to warrant relief under § 2241.

## IV

For the foregoing reasons, while I find that I have jurisdiction to consider Short's Petition, it must be denied. A separate Final Order will be entered herewith.

DATED: May 6, 2008

/s/ JAMES P. JONES
Chief United States District Judge

- 13 -